The Supreme Court affirmed the judgment of the Common Pleas, on March 16, 1863, in the following opinion*: per
Lowrie, C. J.,
We do not at all appreciate the difficulties that the counsel for the plaintiff in error have in assenting to our interpretation put upon the general manufacturing laws in the case of Patterson against this company.' We said there that the act of April 20, 1853, P. Laws 637; was very express in declaring that all the stockholders shall be jointly and severally liable for all debts of the company and anybody can see this who reads the law. The act of March 27th,' 1854. P. Laws, 215 ; shows the same thought in confining this liability to certain specified class of debts. We need hardly say more about this ; yet it is quite apparent that even the original act of April 7, 1847, P. Laws 563 ; was at first' framed so as to secure this degree of liability, and was rather bunglingly altered on its passage through the Legislature, so as to limit the personal liability to the amouut of unpaid stock, a liability which would have existed without such a provision. Thus that Act makes the stockholders “jointly” liable for debts; which is inconsistent with the merely several liability which- exists for unpaid stock, and which is uselessly provided for in the next clause of the sentence. And section 9 of the Act is founded entirely on the same thought; for it is quite absurd to allow to *31 a stockholder who lias paid only his own stock subrogation against the company and the other stockholders, for any debts he may have been compelled to pay by paying up his stock. We cannot therefore avoid feeling very clear in our conviction, that the law means as we have already declared.
When we were endeavoring to work out a new remedy not formulated by the Act of Assembly, we sought an approximate analogy to work by, and followed it as closely as was practicable, mutatis mutandis. But analogy never means identity, and therefore we did not mean that the law makes the stockholders guarantors when we used the remedy against guarantors as an analogy to aid us in formulating a remedy against stockholders. If the two relations had been identical there would have been no need of a new form. All the points therefore that are founded on the assumption of their identity, are thus left without support and all the other points made by the defendant below seem to us to have been properly disposed of in the charge of learned Judge who tried the cause.
We see no error in the decisions made on questions of evidence and none of them seem to be of such general importance as to need any special discussion here.
Judgment Affirmed.